UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BROADENAX,

    Petitioner,                         Case Number 2:21-CV-11629
                                             HONORABLE SEAN F. COX

v.

DETROIT METRO PAROLE OFFICE,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Gregory Broadenax, ("Petitioner"), on parole supervision with the Detroit Metro Parole Office in Detroit, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1979 conviction out of the Detroit Recorder's Court for second-degree murder and voluntary manslaughter.[1]

The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the Court of Appeals so that petitioner may obtain permission to file a successive petition for a writ of habeas corpus.

## I. Background

Petitioner pleaded guilty to second-degree murder and voluntary manslaughter in the Detroit Recorder's Court and was sentenced to life in prison on the murder conviction and 10-15 years in prison on the manslaughter conviction.

---

[1] In 1996 the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 769, n. 1 (E.D. Mich. 2003)(citing *Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999)).
.

1

...

Petitioner previously filed a petition for a writ of habeas corpus, challenging this conviction, which was denied. *See Broadenax v. Hofbauer*, No. 95-CV-72523 (E.D. Mich. May 31, 1996), *appeal dismissed*, No. 97-1399 (6th Cir. Oct. 29, 1997). Petitioner was subsequently denied permission to file a successive habeas petition by the Sixth Circuit. *In Re Broadenax,* No. 10-1193 (6th Cir. Mar. 18, 2011). Petitioner thereafter filed another petition. Rather than transferring the case to the Sixth Circuit, the petition was dismissed as being time-barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations contained in 28 U.S.C. § 2244(b)(3)(A). *Broadenax v. Rivard*, No. 14-CV-14027, 2015 WL 144604 (E.D. Mich. Jan. 12, 2015). On appeal, the Sixth Circuit held that the district court should have treated the petition as a successive habeas petition and transferred it to the Sixth Circuit for that court to decide whether to grant petitioner permission to file a successive petition. The Sixth Circuit treated the motion for a certificate of appealability as a request for authorization to file a successive habeas petition and denied the request. *Broadenax v. Rivard,* No. 15-1226 (6th Cir. July 29, 2015); *cert. den.* 137 S. Ct. 131 (2016).

Petitioner again seeks a writ of habeas corpus, contending that the trial court never acquired jurisdiction over his criminal case.

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

A habeas petitioner who seeks to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court

without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). Petitioner's claim that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas petitions contained within 28 U.S.C. § 2244(b)(3)(A). *See Clark v. Milyard*, 341 F. App'x 353, 354 (10th Cir. 2009).

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

**IT IS ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: August 12, 2021                              s/Sean F. Cox  
                                                                                               Sean F. Cox  
                                                                                               U. S. District Judge